

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Abuhouran v. Social Security Admn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Abuhouran v. Social Security Admn" (2008). *2008 Decisions.* Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3551

_____

ADMA JIRIES ABUHOURAN,

Appellant

v.

SOCIAL SECURITY ADMINISTRATION; LINDA S. MCMAHON; MR. THAYER
AND MS. RODRIGUES; NEW JERSEY MOTOR VEHICLE COMMISSION AND
THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-02809)
District Judge:  Honorable Faith S. Hochberg
_
Submitted Under Third Circuit LAR 34.1(a)
August 1, 2008

Before: SLOVITER, BARRY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2008)
_____

OPINION
_____

PER CURIAM

Adma Jiries Abuhouran appeals orders of the District Court dismissing her

complaint as to the state defendants and granting summary judgment to the remaining

defendants.  We will affirm.

Abuhouran filed a complaint in the United States District Court for the District of New Jersey against the Social Security Administration ("SSA"), certain of its employees, the New Jersey Department of Motor Vehicle Services ("NJDMV") and the State of New Jersey. NJDMV and the State of New Jersey ("the state defendants") moved to dismiss for lack of jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(6). The SSA and its employees moved to dismiss or in the alternative, for summary judgment. The District Court granted the motions, and Abuhouran timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo. Merle v. U.S., 351 F.3d 92, 94 (3d Cir. 2003). We review an order granting summary judgment de novo, and we apply the same standard that the District Court should have applied. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005).

Abuhouran alleges that she is a naturalized citizen residing in New Jersey. On January 12, 2006, she allegedly went to NJDMV to renew her driver's license, which had expired eight years earlier. NJDMV refused to renew her license because the information it contained allegedly did not match the information provided by SSA. Abuhouran says that she then visited the SSA office in Jersey City, New Jersey, and requested that her records be corrected and a new card issued. Abuhouran attempted to prove her identity using her certificate of naturalization, an expired driver's license and an expired passport. SSA sent Abuhouran a letter confirming her request for a new Social Security card

2

reflecting the correct information; however, Linda McMahon, Deputy Commissioner of SSA, sent an another letter shortly thereafter stating that SSA could not issue a Social Security card because the identity and age information that Abuhouran provided did not match the data maintained by "the [unspecified] agency" that maintains those records. On June 6, 2006, Abuhouran received her renewed passport and subsequently submitted it to SSA in an effort to prove her identity. SSA officials allegedly referred to her as "you people," a veiled reference to all Arabs, telling her "you know what you've done," in reference to the tragedy of September 11, 2001, and then calling a security guard to escort her out. Am. Compl. ¶ 42. A supervisor allegedly advised Abuhouran that she would receive a new Social Security card reflecting the correct information, but apparently no action was taken until Abuhouran filed this lawsuit. Abuhouran states that she then sought to have her driver's license renewed, but NJDMV again informed her that her identification information did not match the data provided by SSA. In September 2006, SSA met with Abuhouran and corrected her information in a matter of minutes. Abuhouran alleges that defendants' failure to correct her identifying information led to the denial of her driver's license, denial of employment, denial of medical treatment and denial of the right to travel or attend events requiring "proper" identification, and that defendants discriminated against her based on her Jordanian ethnicity. Abuhouran asserts claims under the Privacy Act, the Federal Tort Claims Act ("FTCA"), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

We first address the District Court's decision to grant the federal defendants' motion for summary judgment. The federal defendants presented undisputed evidence that Abuhouran or an individual with her same social security number had applied for numerous social security cards over the past few decades, and that these applications contained different birth dates and inconsistent gender identifications. See Dist. Ct. Op., at 5 n.3.

The Privacy Act creates a civil remedy for a federal agency's failure

> to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record . . . .

5 U.S.C. § 552a. A plaintiff seeking damages must demonstrate that the agency's actions were "intentional or willful." 5 U.S.C. § 552a(g)(4). The District Court determined that SSA had issued Abuhouran a new Social Security card, which rendered moot her claim for injunctive relief under the Privacy Act. Abuhouran also seeks damages; therefore, she must adduce facts sufficient to show that the defendants *intentionally* or *willfully* refused to correct her identification data. "An agency acts in an intentional or willful manner 'either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.'" Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (citation omitted). Although Abuhouran alleges that unspecified SSA employees referred to her as "you people" and told her, "you know what

4

you've done," she fails to allege who made those remarks, which precludes an analysis of any defendant's intent. Abuhouran also has failed to rebut the record evidence that SSA acted in accordance with SSA policy, especially in light of the numerous applications for social security cards by her or a person with her social security number, containing inconsistent information. Abuhouran failed to proffer evidence – in the form of affidavits or otherwise -- that SSA employees intentionally or willfully refused to correct her information and issue a new card. Therefore, summary judgment was proper on the Privacy Act claim. See Orsatti v. N.J. State Police, 71 F.3d 480, 484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment by merely restating the allegations of his complaint . . . ."); Reinbold v. Evers, 187 F.3d 348, 362 (4th Cir. 1999) (summary judgment proper on Privacy Act claim where plaintiff failed to "bring forward *any* evidence that the [agency] acted in a manner which was 'intentional or willful.'").

The District Court also properly granted summary judgment on Abuhouran's Bivens claim. Bivens provides a cause of action against federal officials who have committed constitutional violations. The District Court correctly concluded that a Bivens action is improper when the claims asserted are "encompassed within the remedial scheme of the Privacy Act." See Chung v. U.S. Dep't Justice, 333 F.3d 273, 274 (D.C. Cir. 2003). Because the Privacy Act provides a remedy, Abuhouran's Bivens claim must fail.

Abuhouran's final claim against the federal defendants was brought under the FTCA. The FTCA provides a cause of action against the United States for "nonconstitutional torts based on the 'negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' 28 U.S.C. § 2679(b)(1)." Couden v. Duffy, 446 F.3d 483, 498 n.10 (3d Cir. 2006). The United States is the only proper defendant in an action brought under the FTCA. Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983); 28 U.S.C. § 1346(b)(1). District Courts lack subject matter jurisdiction, however, over claims based on the performance of a discretionary function. 28 U.S.C. § 2680. This so-called "discretionary function exception" shields the United States from liability based on government officials' conduct involving judgment or choice, so long as the judgment "is the kind that the discretionary function exception was designed to shield." Berkovitz v. United States, 486 U.S. 531, 536 (1988).

The District Court correctly determined that Abuhouran could not sue the SSA or federal officials under the FTCA, and that she had failed to name the United States. It further denied Abuhouran leave to amend her complaint to name the United States.

We review a District Court's denial of leave to amend for abuse of discretion. Winer Family Trust v. Queen, 503 F.3d 319, 331 (3d Cir. 2007). Although leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), a District Court may deny leave to amend where it would cause undue delay or prejudice, or where

6

amendment would be futile. Winer Family Trust, 503 F.3d at 330-331.

The District Court ruled that Abuhouran's belated effort to add the United States as a defendant in a second amended complaint would be futile because the conduct that she challenged is a "discretionary function," and, therefore, the District Court would lack jurisdiction over such a claim against the United States. We exercise plenary review over the applicability of the discretionary function exception. Gotha v. U.S., 115 F.3d 176, 179 (3d Cir. 1997). The District Court was correct in ruling that the challenged conduct satisfied the first prong of the discretionary function exception test, namely, whether the challenged conduct involves federal officials' judgment or choice. SSA's Program Operations Manual System ("POMS") requires SSA employees to be certain that the person applying for a social security card is the person he or she claims to be, and SSA employees may require additional evidence if they doubt the identity of the applicant. POMS RM 00203.200(A), (E)(1); POMS RM 00203.020(1). In light of the checkered history associated with Abuhouran's social security number, SSA employees were entitled to require additional proof of identity from Abuhouran if they so chose. Accordingly, the District Court correctly concluded that the challenged conduct involved federal employees' judgment or choice.

The discretionary function exception, however, does not apply to every discretionary decision made by a federal employee. Gotha, 115 F.3d at 179. The exception applies only to those judgments that involve social, economic or political policy

7

decisions that Congress meant to shield from judicial "second-guessing" through tort actions. Berkovitz, 486 F.3d at 536-537. Although the District Court failed to consider the second prong of the discretionary function exception, the error does not affect its conclusion that amendment would be futile. The decision to accept or reject certain evidence of identity lies squarely within SSA officials' policy judgment regarding the standards required to verify identity in this country. These are the kind of judgments involving public policy decisions that Congress sought to shield. Compare Gotha, 115 F.3d at 181 (Navy's failure to provide a proper stairway, railing and lighting at a Navy facility was not subject to the discretionary function exception because it involved a "mundane, administrative, garden-variety, housekeeping problem" far removed from the Navy's mission) with Sea-Land Serv., Inc. v. U.S.A., 919 F.2d 888, 892 (3d Cir. 1990) (government's decision to use war ships containing asbestos fell within discretionary function exception because it involved questions of resource allocation and effective utilization of the nation's naval fleet). Therefore, the discretionary function exception applies, amendment would have been futile, and the District Court did not abuse its discretion in denying Abuhouran leave to amend.

The District Court also properly granted the state defendants' motion to dismiss. State actors cannot be sued under the Privacy Act, Bivens, or the FTCA. See 5 U.S.C. § 551; Bivens, 403 U.S. 391 n.4; 28 U.S.C. § 1346(b)(1). As Abuhouran's allegations do not state a claim for a violation of due process or of equal protection, it would have been

futile for the District Court to grant her leave to amend to state a claim under 42 U.S.C. § 1983. Abuhouran does not allege the denial of a protected liberty or property interest, nor does the denial of a driver's license implicate the right to interstate travel. Cf. Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999) (right to drive not a fundamental right that implicates the right to interstate travel). Nor does she allege any racial discrimination by the *state* defendants.[1]

In sum, the District Court properly dismissed the claims against the state defendants, granted summary judgment to SSA and its employees on Abuhouran's claims under the Privacy Act, Bivens, and the FTCA, and denied Abuhouran leave to amend. Accordingly, we will affirm the orders of the District Court.

Appellant's motion for appointment of counsel and her motion to amend are denied.[2] Appellees' motion to file briefs and supplemental appendix under seal is granted.

---

[1]Abuhouran alleges that the defendants who violated her right to equal protection were "federal employees." Am. Compl., ¶ 61.

[2]To the extent that appellant asserts that the District Court abused its discretion in failing to construe a letter as a motion for appointment of counsel, we note that the District Court docket does not show receipt of such a letter. In any event, appointment of counsel would not have been warranted under Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).